**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN ORTH,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 11-323Erie** |
| | ) | |
| **v.** | ) | **Magistrate Judge Baxter** |
| | ) | |
| **AMY POWERS, et al.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**[1]

M.J. Susan Paradise Baxter

## I.    Introduction

Presently before this Court is Defendants' motion for reconsideration pursuant to Federal

Rule 59(e). ECF No. 79.

Defendants seek reconsideration of this Court's Memorandum Opinion and Order

addressing cross-motions for summary judgment. ECF No. 76. Because the Court writes

primarily for the parties and has addressed this matter extensively in its prior decision, this

analysis focuses on the facts relevant to the resolution of the present motion for reconsideration.

## II.    Relevant Procedural and Factual History

Plaintiff, originally acting *pro se*, filed this civil rights action on December 29, 2011.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

Named as Defendants are: Catherine McVey, former Chair of the Pennsylvania Board of Probation and Parole ("PBPP"); Michael Potteiger, current Chair of the PBPP; and PBPP employees: Amy Powers, Edward Lauth, Patricia Valauri, Thomas Wolfe, Carie Everett; Tammy Makin, Denise Quach, Kelly Ciafre and other unidentified PBPP agents. Later, counsel was obtained for Plaintiff and amended complaints were filed on his behalf.[2]

The amended complaint explains that in late 2010, Plaintiff was incarcerated in state prison at SCI Forest. While attempting to arrange a home placement plan in anticipation of parole, and even after he was granted parole, Plaintiff was subject to specific parole conditions based solely on a twenty-year-old prior conviction for a sexual offense. Plaintiff claims that the Pennsylvania Board of Probation and Parole's imposition of these harsh conditions which prohibited him from all contact with his own children violated his constitutional rights. Plaintiff frames this constitutional issue as the denial of substantive and procedural due process based upon his constitutionally protected liberty interest in familial integrity.[3]

Following a period of discovery, the parties filed cross motions for summary judgment. ECF No. 57, 62. By Memorandum Opinion and Order dated March 31, 2015, this Court granted in part and denied in part both motions for summary judgment. Of relevance to the analysis of the present motion for reconsideration, Defendants' motion for summary judgment based upon qualified immunity was denied. ECF No. 76.

Thereafter, Defendants filed the instant motion for reconsideration. ECF No. 79. Plaintiff filed an opposition and Defendants filed a reply. ECF No. 91; ECF No. 93.

---

[2] The operative complaint is this case is the Fourth Amended Complaint. ECF No. 47.

[3] See Croft v. Westmoreland County Children & Youth Services, 103 F.3d 1123, 1125-26 (3d Cir. 1997) ("Governmental interference in familial relationships must adhere to the requirements of procedural and substantive due process.").

## III. Standard of Review

Motions for reconsideration are not explicitly recognized by the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999). However, a motion for reconsideration may be treated as a motion to alter or amend judgment under Federal Rule 59(e) or as a motion for relief from judgment under Federal Rule 60(b). Id. See also Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1352 (3d Cir. 1990) (recognizing that a motion for reconsideration is usually the "functional equivalent" of a motion to alter or amend judgment under Rule 59(e)). Here, Defendants expressly move for reconsideration pursuant to Rule 59(e).

"'Because federal courts have a strong interest in finality of judgments,'" "[m]otions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure are granted sparingly." Jacobs v. Bayha, 2011 WL 1044638, at *2 (W.D. Pa. Mar. 18, 2011) quoting Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D.Pa.1995). The moving party bears a heavy burden to demonstrate that an order should be reconsidered and the Court will only grant such a motion if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Lazardis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 678 (3d Cir. 1999).

Here, Defendants' motion is based only on "the need to correct a clear error of law or fact or to prevent a manifest injustice." Defendants' burden is especially heavy in this regard. "[A]

mere disagreement with the court does not translate into a clear error of law." <u>Mpala v. Smith</u>,

2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007).

It follows from the remedial purpose of a Rule 59(e) motion that the standard of review

relates back to the standard applicable in the underlying decision. <u>United States v. Fiorelli</u>, 337

F.3d 282, 288 (3d Cir. 2003). Accordingly, when a motion for reconsideration challenges the

court's decision to grant or deny summary judgment, the standard set forth in Federal Rule 56

guides the analysis. So then, it is through the lens of Rule 56 that this Court must address the

instant motion.[4]

### IV.    Defendants' Motion for Reconsideration

Defendants seek reconsideration of the decision denying summary judgment on the

following two bases:

> "Summary judgment for the Defendants ought to be granted and, accordingly, the
> remainder of this case must be dismissed, because Plaintiff was required to have
> brought this action as a habeas petition, instead of a section 1983 case for money
> damages, the claim that initial parole condition that Plaintiff have no contact with his
> own children violated his rights to substantive due process."

> "Qualified immunity bars monetary relief on both Plaintiff's claim he was denied
> procedural due process in the imposition of the 'no contact' parole condition and the
> claim that equally violated his right to substantive due process because the operative

---

[4] Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the
"movant shows that there is no genuine dispute as to any material fact and the movant is entitled
to judgment as a matter of law." When applying this standard, the court must examine the
factual record and reasonable inferences therefrom in the light most favorable to the party
opposing summary judgment. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S.
574, 587 (1986). The court is not permitted to weigh the evidence or to make credibility
determinations, but is limited to deciding whether there are any disputed issues and, if there are,
whether they are both genuine and material. <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 255
(1986). The moving party has the initial burden of proving to the district court the absence of
evidence supporting the non-moving party's claims. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 330
(1986). The burden then shifts to the non-movant to come forward with specific facts showing a
genuine issue for trial. Fed. R. Civ. P. 56.

liberty interest at issue (that is exactly the same one for each of them) in 'familial integrity' was not 'clearly established'. If examined at the proper level of specificity this Honorable Court's ruling to the contrary addresses the point at far too high a level of generality in light of controlling authority."

ECF No. 81.

Defendants' first basis for reconsideration is inappropriate in the present procedural context. Despite the advanced age of this case, this is the first time that Defendants have posited such an argument. It is impossible for this Court to alter a judgment (or reconsider a prior ruling) on an issue that has never previously been considered by this Court. Furthermore, Rule 59(e) is not to be used to put forward additional arguments which could have been made but were neglected by Defendants. United States v. Jasin, 292 F.Supp.2d 670, 677 (E.D. Pa. 2003). Accordingly, Defendants' motion for reconsideration will be denied in this regard.

### V.      Qualified immunity

Next, Defendants seek to have this Court reconsider its prior ruling denying summary judgment on the basis of qualified immunity.

*Review of Defendants' motion for summary judgment*

In order to properly evaluate Defendants' current motion for reconsideration, this Court must consider the motion for summary judgment as it was raised by Defendants.

Defendants' motion for summary judgment was very limited in its analysis on the qualified immunity defense. First, Defendants set forth an erroneous statement of the law averring it was Plaintiff's burden to satisfy the two prong standard necessary for a qualified immunity analysis.[5] Next, Defendants argued that the procedural due process claim could not

---

[5] See ECF No. 58, page 6 ("In order to defeat Defendants' claim of qualified immunity, **Orth** must show both that (1) they violated an actual right protected by the constitution; and that (2) the right was clearly established at the time of the alleged unlawful conduct.").

constitute a constitutional violation since Plaintiff did not have any protected liberty interest in parole. Defendants claimed that as a group they were entitled to summary judgment on the procedural due process claim since "Orth [was] unable to point to any cases that support the conclusion that under the circumstances imposing a condition of parole requiring him as a convicted sex offender to obtain a sex offender evaluation would have appeared unlawful to an objectively reasonable official." ECF No. 58, Page 7. Finally, in regard to Plaintiff's substantive due process claim, Defendants only put forth analysis and citation for the proposition that Plaintiff had no constitutional right and then disregarded the "clearly established" prong of the qualified immunity analysis altogether. Id. at pages 9-10.[6]

*Review of Memorandum Opinion denying Defendants' qualified immunity*

When deciding Defendants' motion for summary judgment, this Court was constrained to the arguments raised by Defendants. This Court carefully and painstakingly reviewed[7] all the filings, as well as the entire voluminous evidentiary record as a whole, before ruling on Defendants' motion for summary judgment. Based upon the filings and the record before it, and based upon the principle that a motion for summary judgment must be viewed in the light most favorable to the non-movant, this Court held that Defendants were not entitled to qualified immunity on either the procedural or substantive due process claims, explaining:

> It is Defendants' burden to establish that they are entitled to qualified immunity. Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004). …

---

[6] Defendants concluded their qualified immunity analysis with this thought: "Orth's own obstinate behavior in failing to have the sex offender evaluation created the delay to which he now seeks to blame on the Commonwealth. Finally, Orth failed to demonstrate that the conditions imposed upon him bear no rational relationship to the interests of the Commonwealth." ECF No. 58, page 10.

[7] This diligent review was hampered by Defendants' failure to comply with the Local Rules regarding briefing of summary judgment motions. See ECF No. 76, pages 4-7.

6

Qualified immunity involves two inquiries: 1) do the facts alleged show that a state actor violated a constitutional right? and 2) was that constitutional right clearly established so that a reasonable person would know that their conduct was unlawful? [Saucier v. Katz, 533 U.S. 194, 201 (2001)]. See also Curley, 278 F.3d at 277. …

Seeing as this Court has already determined that the state actors (Powers, Wolfe and Valauri) violated Plaintiff's substantive and procedural due process rights, this Court may proceed to an analysis of whether those rights were clearly established. …

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202. The Supreme Court has observed:

> for a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the length of preexisting law the unlawfulness must be apparent.

Hope v. Pelzer, 536 U.S. 730, 739 (2002). In order for an official "to have 'fair warning' [ ... ] that his or her actions violate a person's rights, 'the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Burns v. Pennsylvania Department of Corrections, 642 F.3d 163, 176 (3d Cir. 2011) quoting United States v. Lanier, 520 U.S. 259, 270 (1997) and Anderson v. Creighton, 483 U.S. 635, 640 (1987).

The integrity of the family unit has found protection in both the procedural and substantive components of the Due Process Clause of the Fourteenth Amendment for many years. See Troxel v. Granville, 530 U.S. 57, 87-88 (2000) ("Despite this Court's repeated recognition of these significant parental liberty interests, these interests have never been seen to be without limits…"); Hodgson v. Minnesota, 497 U.S. 417, 447 (1990) ("A natural parent who has demonstrated sufficient commitment to his or her children is thereafter entitled to raise the children free from undue state interference."); Lehr v. Robertson, 463 U.S. 248, 256 (1983) ("The intangible fibers that connect parent and child have infinite variety. They are woven throughout the fabric of our society, providing it with strength, beauty, and flexibility. It is self-evident that they are sufficiently vital to merit constitutional protection in appropriate cases."); Santosky v. Kramer, 455 U.S. 745, 753 (1982) (discussing "[t]he fundamental liberty interest of natural parents in the care, custody, and management of their child"); Stanley v. Illinois, 405 U.S. 645, 657-58 (1972) ("We think the Due Process Clause mandates a similar result here. The State's interest in caring for Stanley's children is de minimis if Stanley is

shown to be a fit father. It insists on presuming rather than proving Stanley's unfitness solely because it is more convenient to presume than to prove. Under the Due Process Clause that advantage is insufficient to justify refusing a father a hearing when the issue at stake is the dismemberment of his family."); Prince v. Massachusetts, 321 U.S. 158, 166 (1944) ("It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder."); Myer v. Nebraska, 262 U.S. 390, 399 (1923).Footnote 20

> Footnote 20. Additionally, according to Third Circuit precedent, "all prisoners have a liberty interest flowing directly from the Due Process Clause in not being denied parole for arbitrary or constitutionally impermissible reasons." Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980).

These decisions, all of which were decided by the Supreme Court over the last several decades, demonstrate that the law was clearly established so as to provide adequate notice. Defendants do not enjoy qualified immunity here.

ECF No. 76, pages 32–35.

*Analysis*

Defendants argue that this analysis addresses whether Plaintiff's constitutional rights were "clearly established" at far too high a level of generality. Defendants claim that if the right is "examined at the proper level of specificity, the opposite result would emerge." ECF No. 81.

How the contours of the issue are drawn may prove to be outcome determinative in any given case. See Barkes v. First Correctional Medical, Inc., 766 F.3d 307, 326 (3d Cir. 2014) rev'ed on other grounds, Taylor v. Barkes, ___ U.S. ___, 135 S.Ct. 2042 (2015) ("Crucial to the 'clearly established' inquiry is the level of generality at which the right is defined. […] The 'clearly established' game is won or lost on how broadly or narrowly one defines the right at issue."). On their motion for summary judgment, Defendants failed to meet their burden on qualified immunity. Defendants drew the issue as one relating to the lack of a liberty interest in parole, rather than interference with familial integrity, despite the fact that familial integrity was expressly raised as Plaintiff's constitutional right in the amended complaint [ECF No. 47, ¶¶ 64-67]. Defendants chose to ignore Plaintiff's legal theory of the case and they did so at their own

8

peril  and, consequently, failed to meet their burden on a motion for summary judgment. See

Halsey v. Pfeiffer, 750 F.3d 273, 288 (3d Cir. 2014) ("[W]e follow the general rule of placing the

burden of persuasion at a summary judgment proceeding on the party asserting the affirmative

defense of qualified immunity.").

Now, in the procedural context of a motion for reconsideration, Defendants attempt to

relitigate the issue of qualified immunity by redefining the contours of the right at issue. In the

present motion, Defendants suggest that the issue should be more specifically defined as:

> "whether, from the time that Orth's first home plan was submitted on December
> 9, 2010, until the point in November 2011 when the 'noncontact' restriction was
> lifted as a parole condition, the remaining Defendants reasonably ought to have
> known that they were violating Orth's constitutional due process rights or 'liberty
> interest' in familial integrity (comprising, inter alia, the right to parent his children
> and to have contact with them) in a manner 'clearly established' by law, by
> imposing and implementing the prohibition of contact with any children,
> including his own, pending a psychological evaluation, as a condition of Orth's
> parole, because he had a prior conviction for a sex offense."

ECF No. 81, pages 15-16. Defendants did not define the right in this way – or at all – in their

motion for summary judgment or accompanying brief. See supra, pages 5-6.  This is an

altogether new argument which is inappropriate in the context of a motion for reconsideration.

See In re Avandia Marketing, Sales Practices & Products Liability Litig., 2011 WL 4945713, at

*1 (E.D. Pa. Oct.14, 2011) (reconsideration is not permitted to reargue matters the court already

resolved or relitigate points of disagreement between the court and the moving party); Kennedy

Indus., Inc. v. Aparo, 2006 WL 1892685, at *1 (E.D. Pa. July 6, 2006) (a litigant who "fails in its

first attempt to persuade a court to adopt its position may not use a motion for reconsideration

either to attempt a new approach or correct mistakes it made in its previous one."); Ogden v.

Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002) ("A motion for reconsideration is

not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant").

Moreover, in their motion for summary judgment, as well as in the present motion for reconsideration, Defendants contend they are entitled to immunity as a group. In so doing, Defendants fail to acknowledge the factual circumstances underlying Plaintiff's claims. The facts of this case make up a timeline of events before and after Plaintiff was selected for parole. Each Defendant participated in the violation of Plaintiff's due process rights at different points in time and in different ways. No matter how narrowly Defendants' attempt to re-frame the contours of the issue, qualified immunity will not shield Defendants as a group when their individual actions were so disparate. Furthermore, nothing in the Supreme Court's decisions in City and County of San Francisco v. Sheehan, ___ U.S. ___, 135 S.Ct. 1765 (May 18, 2015) or Taylor v. Barkes, ___ U.S. ___, 135 S.Ct. 2042 (June 1, 2015), changes the way the qualified immunity was argued by Defendants in their motion for summary judgment or provides them new cover in that regard. The motion to reconsider fails.

An appropriate Order follows.

JOHN ORTH,                )
      Plaintiff,         )      **Civil Action No. 11-323Erie**
                )
      v.            )      **Magistrate Judge Baxter**
                )
AMY POWERS, et al.,     )
      Defendants.     )

## O R D E R

AND NOW, this 25th day of June, 2015;

IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration [ECF No. 79] is DENIED.

Trial in this matter will be scheduled to begin October 27, 2015, by separate Order.


                /s/ Susan Paradise Baxter
                SUSAN PARADISE BAXTER
                United States Magistrate Judge